# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

MARIA FIGUEROA,

    Plaintiff,

vs.                                         Case No. 2:19-cv-01188 KWR/KRS

ETHICON, INC., and
JOHNSON & JOHNSON,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon the Defendants' Motion for partial dismissal, filed on January 23, 2020 (**Doc. 7**). Having reviewed the parties' pleadings and the applicable law, the Court finds that Defendants' motion is well-taken in part and therefore is **GRANTED IN PART** and **DENIED IN PART.** The strict liability and negligence claims (Counts II and III) are dismissed with leave to amend.

## BACKGROUND

This case arises from the implantation of allegedly defective pelvic mesh. On December 13, 2010 Plaintiff underwent surgery to implant Defendant's pelvic mesh product to treat her urinary incontinence. This pelvic mesh product was designed, marketed and sold to treat this condition.

On December 22, 2016, Plaintiff underwent revision surgery at Sandoval Regional Medical Center in Rio Rancho, New Mexico. Plaintiff alleges she experienced significant mental and physical pain and suffering, permanent injury and physical deformity, and financial and economic loss.

Plaintiff alleges that contrary to Defendants' representations and marketing, their pelvic mesh product has a high failure and complication rate, fails to perform as intended, requires frequent and debilitating re-operations and has caused severe and irreversible injuries and damage. ¶ 25.

Plaintiff filed this case asserting the following claims against the Defendants: product liability – failure to warn (Count I); strict liability (Count II); negligence (Count III); negligent misrepresentation (Count IV); negligent infliction of emotional distress (Count V); breach of express warranty (Count VI); breach of implied warranty (Count VII); violation of consumer protection laws (Count VIII); gross negligence (Count IX); unjust enrichment (Count X); and punitive damages (Count XI).

The Defendants moved for dismissal of Counts II, III, V, VI, VII, VIII, IX and X. **Doc. 14**. Plaintiff agreed to dismiss the following claims: Counts V, VI, VII, VIII, and IX. Therefore, the following claims remain at issue in this opinion: strict liability (Count II), negligence (Count III), and unjust enrichment (Count X). This motion was fully briefed on February 19, 2020 and is ready for decision.

**LEGAL STANDARD**

Fed. Civ. P. Rule 8(a)(2) requires a complaint to set out "a short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, "a court must accept as true all well-pleaded facts, as distinguished from conclusory allegations, and those facts must be viewed in the light most favorable to the non-moving party." *Moss v. Kopp*, 559 F.3d 1155, 1159 (10th Cir. 2010). "To withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" will not suffice. *Twombly*, 550 U.S. at 555.

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**DISCUSSION**

**I.** **Strict Liability and Negligence claims (Counts II and III).**

Defendants argue that Plaintiff failed to assert sufficient factual allegations as to the strict liability (Count II) and Negligence (Count III) claims. The Court agrees.

It is unclear if Plaintiff states a design, manufacturing, or marketing defect strict liability claim. To state a strict products liability claim, Plaintiff must allege facts that could satisfy the following: "(i) the product was defective; (ii) the product was defective when it left the Defendants' hands and was substantially unchanged when it reached her; (iii) the product, because of the defect, was unreasonably dangerous to her; (iv) she suffered injury; and (v) the product's defective condition was [the] proximate cause [of her injuries]." *Nowell v. Medtronic Inc.*, 372 F. Supp. 3d 1166, 1249 (D.N.M. 2019), *citing Armeanu v. Bridgestone/Firestone North Am. Tire, LLC*, 2006 WL 4060666, at *3 (D.N.M. 2006).

To assert a negligence claim Plaintiff must show the "existence of a duty from a defendant to a plaintiff, breach of that duty, which is typically based upon a standard of reasonable care, and

3

the breach being a proximate cause and cause in fact of the plaintiff's damages." *Herrera v. Quality Pontiac*, 2003-NMSC-018, ¶ 6, 134 N.M. 43, 73 P.3d at 185-86. "A proximate cause of an injury is that which in a natural and continuous sequence [unbroken by an independent intervening cause] produces the injury, and without which the injury would not have occurred." *Id.* at ¶ 34. "It need not be the only cause, nor the last nor nearest cause." *Id.* "It is sufficient if it occurs with some other cause acting at the same time, which in combination with it, causes the injury." *Id.*

The complaint lack of factual allegations tailored specifically to Plaintiff. For example, Plaintiff does not identify the alleged defect in the mesh in her case nor her alleged injury, and it is therefore unclear how any defect caused any injury. *See, e.g., Mims v. Davol, Inc.*, No. 216CV00136MCAGBW, 2017 WL 3405559, at *5 (D.N.M. Mar. 22, 2017) (complaint sufficient where Dr. Burton discovered product partially disintegrated and misshapen; disintegration indicated product was defective; and misshapenness caused several injuries, including bowel perforations, and caused plaintiff to undergo surgical interventions); *Nowell v. Medtronic Inc.*, 372 F. Supp. 3d 1166, 1250 (D.N.M. 2019) (complaint failed to sufficiently allege facts plausibly stating proximate causation element). Although Plaintiff indicated the injuries that have occurred in other cases, **Doc. 1-1 ¶ 34**, it is unclear what injuries Plaintiff suffered. Moreover, although the complaint alleges that the mesh failed in other cases, **¶ 21**, it does not identify how the mesh was defective. For example, the complaint only alleges that she underwent revision surgery, but does not indicate why. It is unclear why the revision surgery was necessary. Similarly, it is also unclear how Defendants are alleged to have breached their duty of care.

As explained above, Plaintiff also failed to allege facts supporting the proximate causation element. Plaintiff does not allege any facts regarding a connection between her injuries and a defect in the Defendants' mesh.

To the extent Plaintiff alleges a manufacturing defect claim, she fails to allege that the mesh deviated from Defendants' design specifications.

The Court notes that in her response, Plaintiff does not identify any such well-pled factual allegations. Therefore, for the reasons stated by Defendants **(Docs. 8 and 16)** and above, the Court concludes that Plaintiff has failed to plead sufficient facts to state plausible strict liability and negligence claims.

## II. <u>Unjust Enrichment (Count X)</u>.

To prevail on an unjust enrichment claim, "one must show that: (1) another has been knowingly benefitted at one's expense (2) in a manner such that allowance of the other to retain the benefit would be unjust." *Ontiveros Insulation Co. v. Sanchez,* 2000–NMCA–051, ¶ 11. However, an unjust enrichment will fail if there is a "complete and adequate remedy at law." *Sims v. Sims*, 1996-NMSC-078, ¶ 28, 930 P.2d 153, 159 ("equity will not act if there is a complete and adequate remedy at law").

Defendants initially argue that this claim must be dismissed because there is an adequate remedy at law. However, Plaintiff may plead alternative, conflicting theories. Fed. R. Civ. P. 8(d)(2), (d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."). Therefore, it appears that Rule 8 allows alternative pleading of unjust enrichment and legal claims. *See, e.g., In re Santa Fe Nat. Tobacco Co. Mktg. & Sales Practices & Prod. Liab. Litig.*, 288 F. Supp. 3d 1087, 1259 (D.N.M. 2017). It would be premature to dismiss the unjust enrichment claim and it is unclear at this time whether Plaintiff has an adequate remedy at law.

Defendants also argue that Plaintiff has not sufficiently alleged facts supporting the above elements. However, Plaintiff has alleged that (1) Defendants knew its products were defective or

had a high failure rate, and (2) retaining the benefit would be unjust. Therefore, the Court concludes that Plaintiff has stated a plausible claim for unjust enrichment.

### III. Leave to Amend.

Plaintiff has requested leave to amend. At this stage in the case, amendment should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). The Court should grant leave to amend unless "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged and allowing [her] an opportunity to amend [her] complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991), *quoted in Cohen v. Longshore*, 621 F.3d 1311, 1314–15 (10th Cir. 2010); *Brever v. Rockwell Int'l Corp.,* 40 F.3d 1119, 1131 (10th Cir.1994) (court "should dismiss *with leave to amend* ... if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief."), *quoted in Staats v. Cobb*, 455 F. App'x 816, 818 (10th Cir. 2011).

Here, the Court cannot conclude that amendment would be futile. For example, it appears possible for Plaintiff to state with specificity her injury, the alleged defect, and proximate causation.

Therefore, Plaintiff may file an amended complaint as to the strict liability (Count II) and negligence (Count III) within **thirty (30) days** of the entry of this order.

### CONCLUSION

For the reasons stated above, the Court dismisses the strict liability and negligence claims (Counts II and III) with leave to amend. Plaintiff may file an amended complaint as noted below. The Court dismisses the following claims with prejudice, as Plaintiff does not oppose dismissal: negligent infliction of emotional distress (Count V), breach of warranty (Counts VI and VII), consumer protection act (Count VIII) and gross negligence (Count IX).

**IT IS THEREFORE ORDERED** that Defendants' Motion for Partial Dismissal **(Doc. 7)** is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that the strict liability and negligence claims (Counts II and III) are **DISMISSED WITH LEAVE TO AMEND.** Plaintiff may file an amended complaint within **thirty (30) days** of the entry of this order. If Plaintiff fails to timely amend, the Court may, upon motion of a party or *sua sponte*, dismiss Counts II and III with prejudice.

**IT IS FURTHER ORDERED** that the negligent infliction of emotional distress (Count V), breach of warranty (Counts VI and VII), consumer protection act (Count VIII) and gross negligence (Count IX) claims are **DISMISSED WITH PREJUDICE.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE